Marc J. Randazza, NDTX Bar No. 651477MA
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Counsel for Creditor Angela Harris*

### UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF TEXAS

### FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br>WAYNE ALAN DARLING, and TRACY ELLEN O'REILLY DARLING,<br><br>Debtors. | Chapter 7<br><br>Case No. 26-42672-ELM7<br><br>**CREDITOR ANGELA HARRIS' BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY** |

Creditor Angela Harris ("Harris") files this Brief in Support of her Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. § 362(d)(1) and Federal Rule of Bankruptcy Procedure 4001(a), and respectfully shows the Court as follows:

**1.0    INTRODUCTION AND RELEVANT FACTS**

Debtor Tracy Darling acted as Creditor Angela Harris' therapist. *See* **Exhibit 1**, Declaration of Angela Harris ("Harris Decl."), ¶ 3. Following the death of Ms. Harris' husband, Darling manipulated Ms. Harris into allowing her to record their therapy sessions while encouraging her to share deeply private and personal information, including information about childhood abuse that Ms. Harris had suffered. *See id.*, ¶ 4. Darling promised Ms. Harris that she would not share these recordings with anyone and would keep them confidential. *See id.*, ¶ 5. Without that promise, Ms. Harris would not have allowed Darling to record their sessions. *See id.*

Unbeknownst to Ms. Harris, Debtor Darling had no intention of keeping these recordings secret. Darling eventually provided several of the recordings to her son, Alexander Kohlrautz, for

the specific purpose of having him publicly distribute them. *See* Harris Decl., ¶ 6. With her son, she additionally manipulated and edited the recordings for the purpose of embarrassing and injuring Angela Harris. *See id.*, ¶ 7. The recordings were eventually heard by Ms. Harris' family and friends, as well as a currently unknown number of third parties. *See id.*, ¶ 8.

On September 9, 2025, Ms. Harris filed suit against Debtor Darling and Mr. Kohlrautz in Eighth Judicial District Court, Clark County, Nevada. The current claims against Debtor Darling in that lawsuit are for promissory estoppel, fraud in the inducement, intentional infliction of emotional distress, and unjust enrichment. *See* **Exhibit 2**, Second Amended Complaint. Along with the Complaint, Ms. Harris filed a Motion for Temporary Restraining Order and Preliminary Injunction. The Nevada court issued a temporary restraining order on September 16, 2025 (**Exhibit 3**), and converted the temporary restraining order to a preliminary injunction on October 31, 2025 (**Exhibit 4**). Debtor Darling and Mr. Kohlrautz did not oppose the conversion of the temporary restraining order into a preliminary injunction.

The injunction prohibited Debtor Darling from further dissemination of the recordings of her therapy sessions with Ms. Harris. *See* Exhibit 4. On May 20, 2026, after a hearing on the issue that included expert testimony, the Nevada court modified the injunction to, in part, require "Tracy Darling or an agent of Darling's counsel" to "transfer all recordings Defendant Darling made of her sessions with Plaintiff Harris to Defendant's counsel using Google Takeout."[1] *See* Order dated May 20, 2026 (**Exhibit 5**). Upon information and belief, Ms. Darling filed for bankruptcy

---

[1] Debtor Darling's Nevada counsel has stated his intention to withdraw from representation of Ms. Darling in the Nevada litigation. If the Nevada court permits him to withdraw, Ms. Harris suggests that she either transfer the recordings to Ms. Harris' Nevada counsel, or to Ms. Darling's bankruptcy counsel.

Creditor Angela Harris' Brief in Support of Motion for Relief from Stay

protection before she transferred the recordings to her counsel and is now attempting to use the bankruptcy to avoid doing so.

Ms. Harris' counsel asked Debtor Darling to stipulate to relief from stay for the sole purpose of enforcing the injunction.[2] She declined to do so, claiming that she could not afford it. However, the injunction is wholly equitable and does not require her to make any payment to Ms. Harris or to any third party. It does not require Darling to pay any money from estate assets, does not seek to collect a debt, and does not implicate property that is properly administered for the benefit of Debtor Darling's creditors.

Ms. Darling declines to stipulate to relief from stay for enforcement of the injunction because she does not wish to abide by it. She desires to keep the recordings that she made of Ms. Harris and foreclose the ability of the Nevada state court to penalize her for contempt. She has already demonstrated a willingness to abuse those recordings. She provided them to her son for dissemination even though she promised Ms. Harris confidentiality. Now that she is not subject to the injunction's terms, she gets to keep the recordings and use them however she wishes with no recourse from the Nevada court. This is wrong and must be remedied.

Ms. Harris asks this Court to lift the stay under 11 U.S.C. § 362(d)(1) to allow Ms. Harris and the Nevada court to enforce the preliminary injunction, as well as the order modifying the injunction, against Ms. Darling. The balance of harms tips overwhelmingly in Ms. Harris' favor. Debtor Darling has already violated Ms. Harris' privacy interests in her own confidential therapy records by providing recordings of their sessions to her son, Alexander Kohlrautz, who distributed them to an unknown number of people. These records were supposed to be transferred to Ms.

---

[2] Ms. Harris' claims for fraud in the inducement and intentional infliction of emotional distress are intentional torts, and Ms. Harris does not waive her right to request relief from stay to continue to pursue those claims against Debtor Darling.

Darling's Nevada counsel, so that she could no longer access them but still use them to defend herself in the Nevada litigation.  Her bankruptcy counsel has already informed Ms. Harris' counsel that this is the part of the injunction that she does not wish to comply with.

Debtor Darling now claims that she cannot afford to complete the transfer of these records to her Nevada counsel.  However, the injunction and the order modifying it do not require her to pay anyone to transfer the recordings to her counsel.  While Ms. Harris and her counsel would have permitted Ms. Darling to use a third-party vendor to perform the transfer, she can also do it herself.  Lifting the stay as to this discrete, non-monetary obligation will have no effect on the orderly administration of the bankruptcy estate nor the recovery of any creditor. However, it will give Ms. Harris peace of mind that Ms. Darling can no longer use the recordings to harm her. This Motion should be granted.

## 2.0    LEGAL ARGUMENT

Section 362(a)(1) of the Bankruptcy Code operates as a stay of "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case…" 11 U.S.C. § 362(a)(1). Section 362(d)(1) of the Bankruptcy Code provides that a bankruptcy court "shall" grant stay relief "for cause," providing in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

11 U.S.C. § 362(d)(1). While "cause" is undefined, "courts consider numerous factors when determining if a request for relief from the automatic stay is appropriate." *In re Choice ATM Enters.*, 2015 U.S. Bankr. LEXIS 689, at *6 (N.D. Tex. March 4, 2015). "Cause" is "a broad

Creditor Angela Harris' Brief in Support of Motion for Relief from Stay

concept that is intentionally flexible so that courts may respond to different or unique circumstances." *Id.*, citing *Mooney v. Gill*, 310 B.R. 543, 546-47 (N.D. Tex. 2002).

Section 362(d) gives bankruptcy courts "flexibility to address specific exigencies on a case-by-case basis." *Brown v. Chesnut (In re Chesnut)*, 422 F.3d 298, 303-04 (5th Cir. 2005). When determining whether to lift the stay, the Court must "weigh the hardships to the parties and the goals of the Bankruptcy Code." *In re Choice ATM Enters.*, 2015 U.S. Bankr. LEXIS 689, at *6-7, citing *Mooney v. Gill*, 310 B.R. 543, 546 (N.D. Tex. 2002). When alleging grounds to lift the automatic stay, the "movant is required to make a prima facie showing that it is entitled to relief from stay. Once the movant alleges facts demonstrating a legal entitlement to the relief sought, the burden shifts to the debtor (or party opposing relief) to prove that cause does not exist to lift the automatic stay." *In re Alexandra Trust*, 526 B.R. 668, 673-74 (N.D. Tex. 2015), citing 11 U.S.C. § 362(g); *Sonnax Indus. v. Tri Component Prods. Corp. (In re Sonnax Indus. Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990).

A motion asking the Bankruptcy Court for relief to allow continuation of pending state court litigation involves an analysis of the "factors that courts should consider when determining whether relief from the automatic stay should be granted to permit pending litigation to proceed in another forum." *In re Alexandra Trust*, 526 B.R. 668, 682 (N.D. Tex. 2015). Courts in this district use the factors established by the U.S. Court of Appeals for the Second Circuit in *In re Sonnax Indus*. *See id.* Those factors are:

> (1) Whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigating in

Creditor Angela Harris' Brief in Support of Motion for Relief from Stay

another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. Courts need only consider the factors that are relevant to the requested relief from stay. *See id.* For purposes of this Motion, Ms. Harris will examine factors 2, 7, and 12. The remaining factors are not applicable. Each of the relevant factors weighs heavily in granting stay relief.

With regard to factor 2, the requested relief from stay lacks any connection to or interference with the bankruptcy. Ms. Harris does not seek to collect money from the Debtor or from the bankruptcy estate. She only seeks to enforce the injunction and the subsequent transfer order. A non-monetary equitable obligation cannot be satisfied by the payment of money and is therefore not even a "claim" subject to the bankruptcy process. *See* 11 U.S.C. § 101(5)(B); *Ohio v. Kovacs*, 469 U.S. 274, 282-83 (1985).

Ms. Harris seeks to enforce an injunction and a subsequent order modifying that injunction. If the Court grants her request, it will merely prohibit Ms. Darling from disseminating unlawful recordings that she made of therapy sessions between Debtor Darling and Ms. Harris and require her to transfer those recordings to her Nevada counsel. It would have no effect on the value or assets of the estate or the claims of other creditors. It would have zero effect on the bankruptcy proceeding.

Regarding factor 7, the relief requested by Ms. Harris would not prejudice the other creditors. The recordings that Debtor Darling made of her are not an asset of the estate. They have no value to anyone but to Ms. Harris. They should not be possessed by anyone but Ms. Harris,

including Ms. Darling who has only used the recordings to abuse Ms. Harris' trust and to cause Ms. Harris distress and harm.

Finally, regarding factor 12, given that the stay is barring the Nevada court from enforcing the injunction or its contempt powers, it is having a devastating effect on Ms. Harris. Ms. Darling has already abused the recordings that she made of her therapy sessions with Ms. Harris. She handed them to her son to allow him to disseminate them, and he did. He further used them to try to blackmail Ms. Harris. The unlawful transfer of the recordings to Ms. Darling's son was the impetus for Ms. Harris' lawsuit and her request for injunctive relief from the Nevada court.

When the Court entered the injunction, Ms. Harris believed that Debtor Darling's ability to use these recordings to harm her had ended. Now, the stay has allowed Debtor Darling to abuse the recordings again. She has refused to comply with the injunction and claims that she cannot afford to transfer the recordings to her attorney. However, that transfer does not need to cost her any money at all, leading Ms. Harris to suspect that she has additional nefarious plans for the recordings now that the injunction no longer applies to her. Lifting the stay to allow the Nevada court to enforce the injunction will not diminish the value of the estate. It will not cost Debtor Darling any money. It will only serve to protect Ms. Harris from Debtor Darling's bad deeds. A bankruptcy stay should not permit the Debtor to resume unlawful activity, but it appears that Ms. Darling is poised to take advantage of it to do just that.

If Debtor Darling's sole issue in complying with the injunction is that she cannot afford to hire a third-party vendor to assist her with transferring the messages to her counsel, either Ms. Harris or a disinterested third party stands ready to purchase the non-exempt assets listed in her Chapter 7 Petition for 110% of their listed value. Transfer of the recordings should be simple enough through Google Takeout for Ms. Darling to do it without assistance of a third-party vendor.

However, if she does not believe that she is competent to complete the transfer without assistance, Ms. Harris is willing to ensure that she does not need to hire someone out of pocket to assist her.

The remaining factors do not apply, but suffice to say, none of them would affect this proceeding. The requested relief is limited and only serves to prevent Ms. Darling from repeating her prior bad acts and from using the recordings she made of Ms. Harris to invent new ones. The Motion should be granted, and Ms. Darling should be required to abide by the Nevada court's preliminary injunction and the subsequent order modifying it.

## 3.0    CONCLUSION

Based upon the foregoing, Angela Harris respectfully requests that the Court enter an order granting relief from the automatic stay for cause under 11 U.S.C. § 362(d)(1), allowing the Nevada court to enforce the preliminary injunction against Debtor Tracy Darling as well as the subsequent order modifying the injunction.

Dated: July 13, 2026.

/s/ Marc J. Randazza
Marc J. Randazza, NDTX Bar No. 651477MA
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Counsel for Creditor Angela Harris*

Case No. 26-42672-ELM7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Respectfully Submitted,

*/s/* Marc J. Randazza
Marc J. Randazza

Creditor Angela Harris' Brief in Support of Motion for Relief from Stay