Marc J. Randazza, NDTX Bar No. 651477MA
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Counsel for Creditor Angela Harris*

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF TEXAS

## FORT WORTH DIVISION

| | |
|---|---|
| In re:<br><br>WAYNE ALAN DARLING, and TRACY ELLEN O'REILLY DARLING,<br><br>Debtors. | Chapter 7<br><br>Case No. 26-42672-ELM7<br><br>**APPENDIX OF EXHIBITS IN SUPPORT OF CREDITOR ANGELA HARRIS' OF MOTION FOR RELIEF FROM STAY** |

## APPENDIX OF EXHIBITS

| Exhibit No. | Description | Page Numbers |
|---|---|---|
| Exhibit 1 | Declaration of Angela Harris | App. 3 – 5 |
| Exhibit 2 | Second Amended Complaint | App. 6 – 20 |
| Exhibit 3 | Sept. 16, 2025 Temporary Restraining Order | App. 21 – 25 |
| Exhibit 4 | Oct. 21, 2025 Preliminary Injunction | App. 26 – 30 |
| Exhibit 5 | May 20, 2026 Order | App. 31 – 39 |

Dated: July 13, 2026

Respectfully Submitted,

*/s/ Marc J. Randazza*
Marc J. Randazza, NDTX Bar No. 651477MA
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Rd., Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Counsel for Creditor Angela Harris*

Case No. 26-42672-ELM7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 13, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

Respectfully Submitted,

*/s/* Marc J. Randazza
Marc J. Randazza

- 2 -

Appendix of Exhibits in Support of Motion for Relief from Stay

# **<u>Exhibit 1</u>**

## Declaration of Angela Harris

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF TEXAS**

**FORT WORTH DIVISION**

|  |  |
|---|---|
| In re:<br><br>WAYNE ALAN DARLING, and TRACY ELLEN O'REILLY DARLING,<br><br>    Debtors. | Chapter 7<br><br>Case No. 26-42672-ELM7<br><br>**DECLARATION OF ANGELA HARRIS** |

I, Angela Harris, declare as follows:

1. I have first-hand knowledge of the facts set forth herein, and if called as a witness could and would competently testify thereto.

2. I am a creditor in the above-captioned proceedings. I submit this declaration in support of my Motion for Relief from Stay.

3. Debtor Tracy Darling acted as my therapist.

4. Following the death of my husband, Darling manipulated me into allowing her to record our therapy sessions while encouraging me to share deeply private and personal information, including the abuse I suffered in my childhood.

5. Darling promised me that she would not share these recordings with anyone, and that she would keep them confidential.

6. That was a lie. Darling eventually provided several of the recordings to her son, Alexander Kohlrautz, for the specific purpose of having him publicly distribute them.

7. Darling and her son also manipulated and edited the recordings to further embarrass and injure me.

8. The recordings were eventually heard by my friends and family, along with an unknown number of third parties.

- 1 -

Declaration of Angela Harris

Doc ID: ce6309c88cec9482ca6c9ab268ed55facc76fa76

I declare under penalty of perjury under the laws of the state of Texas that the foregoing is true and correct.

Executed on: 07 / 13 / 2026                    _____

                                              Angela Harris

---

Doc ID: ce6309c88cec9482ca6c9ab268ed55facc76fa76

# **<u>Exhibit 2</u>**

Second Amended Complaint

Electronically Filed
3/31/2026 11:34 AM
Steven D. Grierson
CLERK OF THE COURT

**SACOM**
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>TRACY DARLING, an individual;<br>ALEXANDER KOHLRAUTZ, an individual;<br>DOES 1 through 10; ROE CORPORATIONS 11-20;<br><br>Defendants. | Case No. A-25-927577-C<br><br>Dept. XIX<br><br><u>**SECOND AMENDED<br>VERIFIED COMPLAINT**</u><br><br>**ARBITRATION EXEMPTION:<br>AMOUNT IN EXCESS OF $100,000;<br>EQUITABLE RELIEF SOUGHT**|

Plaintiff Angela Harris brings this Second Amended Verified Complaint against Defendants Tracy Darling, Alexander Kohlrautz, Does 1 through 10, and Roe Corporations 11 through 20, and hereby alleges as follows:

## THE PARTIES

1. Plaintiff Angela Harris is a private individual residing in Clark County, Nevada.

2. On information and belief, Defendant Tracy Darling is an individual residing in Tarrant County, Texas. Ms. Darling acted as Plaintiff's therapist and is co-Defendant Alexander Kohlrautz's mother.

Case Number: A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

3.     On information and belief, Defendant Alexander Kohlrautz is an individual residing in Clark County, Nevada. Defendant Kohlrautz is also known as Alexander Kohl. Mr. Kohlrautz is Defendant Tracy Darling's son. He additionally is divorced from and has 2 children with Plaintiff Harris' daughter.

4.     Does 1 through 10 and Roe Corporations 11 through 20 are unknown individuals and/or entities who either contributed to or participated in Defendants' tortious and unlawful conduct. Their identities and the extent of their contributions to the complained of conduct will be sought during discovery in this litigation.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over Defendant Darling because her tortious activities giving rise to Plaintiff's causes of action were directed at Plaintiff, a resident of Clark County, Nevada. Much of Defendant Darling's conduct was committed while she was physically present in Clark County, Nevada. Defendant had knowledge that Plaintiff resided in Nevada. The effects of Defendant's conduct were felt in the State of Nevada. Plaintiff's damages were suffered in the State of Nevada.

6.     This Court has jurisdiction over Defendant Kohlrautz because he resides in Clark County, Nevada. Additionally, Defendant's tortious activities giving rise to Plaintiff's causes of action were directed at Plaintiff, a resident of Clark County, Nevada. Defendant had knowledge that Plaintiff resided in Nevada. The effects of Defendant's conduct were felt in the State of Nevada. Plaintiff's damages were suffered in the State of Nevada.

7.     The amount in controversy, represented by actual and consequential damages to Plaintiff, and possible punitive damages, exceeds $15,000.00. This Court has jurisdiction over this matter.

8.     Venue is proper before this Court as to Defendant Kohlrautz because he resides in Clark County, Nevada. Defendant Darling does not reside in any county in Nevada, and Plaintiff Harris designates this County to hear this matter.

- 2 -
Second Amended Verified Complaint
Case No. A-25-927577-C

**Page 8**

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

**FACTS RELEVANT TO ALL CLAIMS**

9.     Beginning in 2015, Plaintiff Angela Harris began engaging in mental health counseling with Defendant Tracy Darling. Ms. Harris chose Ms. Darling as her counselor because she trusted her, she held herself out as providing therapy services, and Ms. Darling represented herself as a religious and ethical person.

10.     During her therapy sessions with Defendant Darling, Plaintiff Harris discussed her past traumas with Defendant Darling and how those traumas affected her day-to-day life. Ms. Darling represented that she could help Plaintiff Harris heal from that trauma and teach her how to deal with trauma and adversity. Defendant Darling additionally opined upon Plaintiff Harris' mental health and provided advice regarding how to improve Plaintiff Harris' mental health.

11.     While Defendant Darling was not a licensed psychology professional, she held herself out as a therapist and billed Plaintiff for her therapy services. The hourly rate charged by Ms. Darling increased over time and reached $175 per hour for her therapy services.

12.     Based upon promises by Ms. Darling that she would keep the details of their counseling sessions private and not disclose the contents or subjects of their discussions with third parties, Ms. Harris provided Ms. Darling with confidential and sensitive information during these counseling sessions.

13.     For approximately two years, from 2015-2017, Ms. Harris engaged in counseling sessions with Ms. Darling.

14.     In 2017, Plaintiff Harris' husband passed away, leaving her emotionally devastated and vulnerable.

15.     Plaintiff Harris additionally received the proceeds of a large life insurance payout upon her husband's death. Defendant Darling took advantage of Ms. Harris's vulnerable mental state to encourage and manipulate Ms. Harris into increasing the number and frequency of their therapy sessions.

- 3 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

16. Defendant Darling additionally saw the large life insurance payout that Ms. Harris received as a way to enrich herself at Plaintiff Harris's expense, as Defendant Darling charged Ms. Harris for her counseling and therapy services.

17. Defendant Darling additionally convinced Ms. Harris to allow her to record their therapy sessions. Ms. Darling represented to Ms. Harris that recordings of their sessions would assist Ms. Harris in healing her trauma and would allow Ms. Darling to assign Ms. Harris "homework" that would speed her recovery.

18. Ms. Darling explicitly promised Ms. Harris that the recordings of their sessions would remain confidential and that she would not share them with anyone.

19. Without these explicit promises from Ms. Darling, Plaintiff Harris would not have permitted Defendant Darling to record their therapy sessions. She additionally would not have agreed to pay Ms. Darling up to $175 per hour for the therapy sessions.

20. Once Ms. Harris consented to Ms. Darling recording their therapy sessions, Defendant Darling used these sessions to foster Ms. Harris's dependency on Ms. Darling to cope with the death of her husband and to manipulate Ms. Harris into sharing deeply private and personal information with Ms. Darling, including information about childhood abuse that Ms. Harris suffered.

21. Ms. Harris trusted Defendant Darling, and Ms. Darling had promised her that what the two of them discussed would remain private and confidential. Moreover, while Ms. Darling was not licensed, Ms. Harris understood that therapists had a duty of confidentiality to their patients, and Darling led Harris to believe that she would adhere to this duty, and as a layperson, Ms. Harris did not have any way of knowing that an unlicensed therapist would have any less obligation to adhere to a duty of confidentiality than a licensed one.

22. Defendant Darling never intended to keep the recordings private or confidential. Upon information and belief, at the time Ms. Darling suggested to Ms. Harris that Ms. Darling be permitted to record their therapy sessions, Ms. Darling had an ulterior motive and intended to use

- 4 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

the recordings to take advantage of Ms. Harris. While Ms. Darling likely did not know how she would use the recordings in the future, she specifically intended to have recordings of Ms. Harris that could either embarrass Ms. Harris and/or provide Ms. Darling with leverage over Ms. Harris at some future date.

23.    Unfortunately for Ms. Harris, she trusted Defendant Darling and did not realize the recordings were being made for the purpose of future embarrassment and/or leverage over her.

24.    In January of 2025, Ms. Harris discovered that Ms. Darling had shared the recordings of their therapy sessions with her son, Defendant Alexander Kohlrautz. Defendant Darling did not request, nor obtain, Ms. Harris's consent to share these recordings with Defendant Kohlrautz. Rather, Ms. Darling shared these recordings with Mr. Kohlrautz without Ms. Harris's permission or consent.

25.    Ms. Darling gave these recordings to Mr. Kohlrautz for the specific purpose of having him publicly distribute them. She additionally wanted Defendant Kohlrautz to ensure that Ms. Harris's family and friends, as well as numerous third parties and the public in general, would hear the recordings.

26.    Upon information and belief, Defendant Darling intended that the recordings of her therapy sessions with Ms. Harris would be heard by as large an audience as possible.

27.    In fact, the recordings were heard by Ms. Harris's family and friends, as well as a currently unknown number of third parties to this lawsuit. Plaintiff is not yet aware of the full extent of Defendants' distribution of the recordings, but upon information and belief, they have been distributed to many more individuals by Defendants.

28.    Ms. Darling shared these recordings with Mr. Kohlrautz for the purpose of embarrassing and injuring Plaintiff Angela Harris. Defendants also manipulated the recordings to create a deliberately misleading and selectively edited compilation that misrepresents Ms. Harris's words, beliefs, and character.

- 5 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

29.     Defendant Darling knew that Ms. Harris would suffer extreme emotional injury if the recordings of their therapy sessions were shared, and injuring Plaintiff is precisely what Ms. Darling intended to do.

30.     Specifically, a bond of trust forms between a therapist and her patients, and while Tracy Darling was an unlicensed therapist, Ms. Harris reasonably believed that Ms. Darling took her role as a therapist seriously and would not betray the trust that Ms. Harris had in her. Ms. Harris had faith in Ms. Darling that she would keep their therapy sessions private and not broadcast them to the public.

31.     When Ms. Darling broke her promise to Ms. Harris and provided Mr. Kohlrautz with recordings of their therapy sessions, Ms. Harris was devastated. It was one of the most egregious breaches of trust that a therapist can engage in, and Ms. Harris was – and remains – emotionally devastated and distraught by Ms. Darling's betrayal of the therapist-patient relationship.

32.     Once in possession of these recordings, Mr. Kohlrautz shared them with at least one third party without Ms. Harris' knowledge or consent. Mr. Kohlrautz additionally shared these manipulated recordings for the purpose of causing emotional injury to Ms. Harris.

33.     Since that time, Mr. Kohlrautz has repeatedly threatened Ms. Harris. Specifically, he has told her that he would "ruin" her and that he has information about her that could destroy her life. Defendant Kohlrautz's statements were intended to make Plaintiff Harris fear that he would release these recordings online to the general public to undermine, damage, and disrupt Ms. Harris' professional career, including her upcoming publications.

34.     Defendant Kohlrautz is currently engaged in a heated child custody battle with Plaintiff's daughter. Mr. Kohlrautz informed Plaintiff that she needed to stop assisting her daughter in the custody proceedings if she did not want him to ruin her reputation.

- 6 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

35. Based upon Ms. Darling's and Mr. Kohlrautz's conduct, Plaintiff Harris has suffered extreme emotional distress. This distress has manifested in physical symptoms, including sleeplessness and insomnia, panic attacks, depression, and extreme anxiety.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Promissory Estoppel

### Against Defendant Tracy Darling

36. Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

37. Defendant Darling misrepresented to Plaintiff Harris that her recordings of their therapy sessions would remain private and would not be shared with third parties.

38. From the outset, Defendant Darling was apprised of the true facts, namely that she would share the recordings with third parties. Plaintiff Harris was not apprised and was ignorant of the true facts.

39. Defendant Darling intended that her misrepresentation would be acted upon by Plaintiff Harris, and/or Plaintiff Harris had the right to believe that Defendant Darling intended that Plaintiff Harris would act upon the misrepresentation.

40. Plaintiff Harris relied to her detriment on the conduct of Defendant Darling.

41. Plaintiff Harris has been and continues to be damaged by Defendant Darling's disclosure.

42. As a direct and proximate result of Defendant Darling's acts, Plaintiff has been injured in an amount exceeding $15,000.00.

/ / /

/ / /

/ / /

/ / /

- 7 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

## SECOND CLAIM FOR RELIEF

### Fraud in the Inducement

### Against Defendant Tracy Darling

43.    Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

44.    Following the death of Plaintiff Harris' husband in 2017, Defendant Darling encouraged Plaintiff Harris to modify their oral agreement for a therapist/patient relationship. Specifically, knowing that Ms. Harris had received monies from her husband's life insurance policy, Ms. Darling encouraged her to increase the frequency of their therapy sessions and to allow their sessions to be recorded under the explicit promise that Ms. Darling would not share those recordings with third parties.

45.    Defendant Darling's representations were false when they were made. Ms. Darling always intended to use the recordings against Plaintiff Harris, and she convinced Ms. Harris to allow her to make the recordings so that Ms. Darling would have leverage over Ms. Harris.

46.    Defendant Darling made these misrepresentations to induce Plaintiff Harris into modifying their therapist/patient relationship according to Defendant Darling's wishes and to induce Plaintiff Harris into allowing her to record their sessions.

47.    Plaintiff Harris justifiably relied upon Defendant Darling's misrepresentations and modified their relationship to increase the frequency of their sessions and to allow Ms. Darling to record their sessions.

48.    Ms. Darling extracted additional money from Ms. Harris due to the increased frequency of their sessions and shared the recordings of their sessions with third parties, including but not necessarily limited to Defendant Kohlrautz.

49.    Plaintiff Harris has been and continues to be damaged by Defendant Darling's fraud in the inducement.

50.     As a direct and proximate result of Defendant Darling's acts, Plaintiff has been injured in an amount exceeding $15,000.00.

**THIRD CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**Against Defendant Tracy Darling**

51.     Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

52.     Defendant Tracy Darling engaged in extreme and outrageous conduct directed at Plaintiff Angela Harris.

53.     Defendant Tracy Darling promised Ms. Harris that she would not share the recordings of their therapy sessions with third parties. However, she did, providing the recordings to her son, Defendant Alexander Kohlrautz. Mr. Kohlrautz distributed them more widely, which is what Ms. Darling intended when she gave him the recordings.

54.     Ms. Darling breached Ms. Harris's trust in her as a therapist and caused her extreme distress. Plaintiff Harris discussed sensitive and confidential issues with Ms. Darling, including her past trauma and her mental health.

55.     When Ms. Darling broke her promise of confidentiality to Ms. Harris, it devastated Ms. Harris, as Ms. Darling not only broke her promise to Ms. Harris, she disclosed the most sensitive aspects of Ms. Harris' life to third parties.

56.     Defendant Darling either knew, and intended, that her conduct would cause Ms. Harris severe emotional distress or had reckless disregard for whether her conduct would cause severe emotional distress.

57.     Plaintiff Angela Harris actually suffered severe or extreme emotional distress, resulting in physical symptoms, including sleeplessness and insomnia, panic attacks, depression, and extreme anxiety.

58.     Ms. Harris's severe emotional distress was caused by Defendant's conduct.

- 9 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

59.    As a direct and proximate result of Defendant's actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

### FOURTH CLAIM FOR RELIEF

### Unjust Enrichment

### Against Defendant Tracy Darling

60.    Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

61.    Plaintiff Harris conferred a benefit upon Defendant Tracy Darling by paying her for therapy sessions that Defendant Darling explicitly promised would remain confidential.

62.    Defendant Darling appreciated, accepted, and retained the benefit conferred to her by Plaintiff Harris.

63.    Defendant Darling did not keep the therapy sessions confidential, violating her promises to Plaintiff Harris, and profited unfairly at Plaintiff Harris' expense

64.    Given that Defendant Darling did not keep the therapy sessions confidential, it would be inequitable to permit Defendant Darling to retain the benefit that she conferred from Ms. Harris. Defendant Darling should be required to return the money paid to her by Ms. Harris.

65.    As a direct and proximate result of Defendants' actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

### FIFTH CLAIM FOR RELIEF

### Civil Extortion

### Against Defendant Alexander Kohlrautz

66.    Plaintiff Harris incorporates the allegations of each of the preceding paragraphs as if set forth fully herein.

67.    Defendant Kohlrautz has informed Plaintiff Harris that he would ruin her life unless Plaintiff Harris stopped assisting her daughter in a child custody dispute with Mr. Kohlrautz.

Defendant Kohlrautz intended to make Plaintiff Harris fear that he would release recordings of her therapy sessions with Ms. Darling and that is how Ms. Harris took his threat.

68. The recordings of those therapy sessions contain information that is private, sensitive, and confidential to Ms. Harris.

69. Defendant Kohlrautz made these threats for the improper purpose of forcing Ms. Harris to stop assisting her daughter in that custody dispute.

70. Defendant's threats to Ms. Harris were inappropriate, unlawful, threatening, and harassing and constitute an attempt to extort Plaintiff Harris.

71. As a direct and proximate result of Defendant Kohlrautz's actions, Plaintiff has been damaged in an amount exceeding $15,000.00.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Angela Harris prays for relief as follows:

A. That Plaintiff be awarded general, exemplary, and punitive damages in an amount exceeding $15,000.00 and to be determined at trial;

B. A determination that the recordings in Defendants' possession were improperly transmitted to third parties in violation of Plaintiff's rights;

C. Injunctive relief prohibiting Defendants from further dissemination to third parties to this lawsuit;

D. Injunctive relief restraining Defendants from further extortionate conduct; and

E. Such other relief as this Court deems proper.

/ / /

/ / /

/ / /

/ / /

- 11 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

Dated: March 31, 2026                    Respectfully submitted,

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris

- 12 -
Second Amended Verified Complaint
Case No. A-25-927577-C

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

Case No. A-25-927577-C

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document was electronically filed on this 31st day of March, 2026 and served via the Eighth Judicial District Court's Odyssey electronic filing system.

/s/   Ronald D. Green
RONALD D. GREEN

**<u>VERIFICATION OF COMPLAINT</u>**

I, Angela Harris, am the Plaintiff in the above-captioned matter. I have reviewed the
foregoing allegations in this Second Amended Verified Complaint, and I hereby declare under
the penalty of perjury that the foregoing allegations are true and correct to the best of my
knowledge and understanding.

Dated: 03 / 30 / 2026 _____     By: _____

Angela Harris

- 14 -
Second Amended Verified Complaint
Case No. A-25-927577-C

**Page 20**

Doc ID: 43b35e3fd878b322d65c9ed6da475306c20f80c6

# <u>Exhibit 3</u>

Temporary Restraining Order

Sept. 16, 2025

Electronically Filed
09/16/2025 9:26 PM

*[signature]*
CLERK OF THE COURT

**ORDG**
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris.

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELA HARRIS, | Case No. A-25-927577-C |
| Plaintiff, | Dept. 19 |
| v. | ~~[PROPOSED]~~ **TEMPORARY RESTRAINING ORDER** |
| TRACY DARLING, an individual; ALEXANDER KOHLRAUTZ, an individual; DOES 1 through 10; ROE CORPORATIONS 11 through 20; | |
| Defendants. | |

This matter, having come before the Court on Plaintiff Angela Harris' *Ex Parte* Motion for Temporary Restraining Order, and it appearing for good cause shown, the Motion is GRANTED for the reasons stated in the Memorandum of Points and Authorities in support of her Motion for Temporary Restraining Order:

Plaintiff has met her burden of demonstrating both irreparable harm and a likelihood of success as to her claims for public disclosure of private facts, promissory estoppel, fraud in the inducement, and civil extortion against Defendants Tracy Darling and Alexander Kholrautz. The

- 1 -
[Proposed] Temporary Restraining Order
Case No. A-25-927577-C

**Page 22**

Court takes into account the totality of the circumstances and the facts attested to by Ms. Harris in her Verified Complaint.

Plaintiff has demonstrated a likelihood of success because it appears, based upon the limited record before the Court, that Ms. Darling improperly recorded her therapy sessions with Plaintiff Harris and provided those recordings to Defendant Kohlrautz in violation of her duties to Ms. Harris as her counselor, and despite her explicit promises to Ms. Harris that she would not distribute the recordings to anyone. Additionally, based upon the limited record before the Court, it appears that Defendant Kohlrautz unlawfully distributed the recordings of Plaintiff Harris' therapy sessions to at least one third party and implicitly threatened to distribute them to additional parties if Plaintiff Harris did not stop assisting her daughter in her daughter's child custody dispute with Defendant Kohlrautz.

Plaintiff has demonstrated irreparable harm because the release of these recordings could cause damage to her reputation if Defendants distribute them to third parties, and reputational damage is irreparable if it is prospective in nature and can be prevented through the issuance of injunctive relief, as is the case here.

An examination of a balance of the equities weighs in favor of issuing injunctive relief. Plaintiff Harris merely requests that Defendants be enjoined from making her private facts public. Defendants Darling and Kohlrautz, on the other hand, will not be harmed if they are prohibited from disseminating these recordings to the public.

Plaintiff has demonstrated the need to issue this temporary restraining order *ex parte*, so that Defendants Darling and Kohlrautz do not distribute recordings of Plaintiff's therapy sessions as soon as they learn of this lawsuit.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Temporary Restraining Order is GRANTED. Defendants Darling and Kohlrautz are enjoined from disseminating recordings of Plaintiff Harris's therapy sessions to anyone and are instructed to destroy those recordings to prevent their dissemination in the future.

- 2 -
[Proposed] Temporary Restraining Order
Case No. A-25-927577-C

IT IS FURTHER ORDERED that Plaintiff shall post a bond of $100, which the Court finds is an appropriate amount under the circumstances.

IT IS FURTHER ORDERED that a hearing on Plaintiff's Motion to convert the Temporary Restraining Order into a Preliminary Injunction is set for ___October 1st, 2025_____ at 10:00 a.m./p.m. Any opposition to Plaintiff's Motion for Preliminary Injunction must be submitted to this Court no later than 9/24/2025 @ 12:00pm, and any reply in support of the Motion must be submitted by 9/29/2025 @ 12:00pm.

DATED this ___ day of September, 2025.

Dated this 16th day of September, 2025

_____
DISTRICT COURT JUDGE

**2A1 60C 7A06 5D47**
**Crystal Eller**
**District Court Judge**

Submitted By:

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris.

- 3 -
[Proposed] Temporary Restraining Order
Case No. A-25-927577-C

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Angela Harris, Plaintiff(s) | CASE NO: A-25-927577-C |
| vs. | DEPT. NO.  Department 19 |
| Tracy Darling, Defendant(s) | |

## AUTOMATED CERTIFICATE OF SERVICE

Electronic service was attempted through the Eighth Judicial District Court's electronic filing system, but there were no registered users on the case. The filer has been notified to serve all parties by traditional means.

**Page 25**

# Exhibit 4

Preliminary Injunction

Oct. 21, 2025

Electronically Filed
10/30/2025 12:18 PM

CLERK OF THE COURT

ORPI
~~ORDG~~

Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris.

## EIGHTH JUDICIAL DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELA HARRIS, | Case No. A-25-927577-C |
| Plaintiff, | Dept. XIX |
| v. | |
| TRACY DARLING, *et al.*, | **PRELIMINARY INJUNCTION** |
| Defendants. | |

This matter was heard on October 15, 2025, on Plaintiff Angela Harris's Motion for Preliminary Injunction. Ronald D. Green, Jr. of Randazza Legal Group, PLLC appeared on behalf of Plaintiff Angela Harris. No one appeared on behalf of Defendants. The Court, having considered Plaintiff Harris's Motion for Temporary Restraining Order and Preliminary Injunction, and the papers and pleadings on file herein, and having considered the arguments of counsel at the hearing, and good cause appearing, the Court finds and orders as follows:

Plaintiff has met her burden of demonstrating a likelihood of success on the merits as to her claims for public disclosure of private facts, promissory estoppel, fraud in the inducement, and civil extortion against Defendants Tracy Darling and Alexander Kohlrautz.

Plaintiff has met her burden of demonstrating that irreparable harm to her reputation would result if Defendants improperly circulated recordings of Ms. Harris' therapy sessions with

- 1 -
Preliminary Injunction
Case No. A-25-927577-C

Defendant Darling to third parties or published any or all of those recordings. Reputational damage is irreparable if it is prospective in nature and can be prevented through the issuance of injunctive relief, as is the case here.

An examination of a balance of the equities weighs in favor of injunctive relief. Plaintiff Harris merely requests that Defendants be enjoined from making her private facts public. Defendants will not be harmed if they are prohibited from disseminating recordings of Plaintiff's therapy sessions.

Plaintiff completed alternate service of process pursuant to NRCP 4.4(b)(1) upon Defendants Tracy Darling and Alexander Kohlrautz as permitted by the Court in the Order Extending Temporary Restraining Order and Permitting Alternate Service, which was entered on September 24, 2025.

Plaintiff has requested that the Court convert the Temporary Restraining Order issued on September 16, 2025, into a Preliminary Injunction in effect for the pendency of this case. However, in order to satisfy Defendants' concerns, Plaintiff requests that the Court modify the Temporary Restraining Order in one respect: Defendants should not have to destroy the recordings of Plaintiff Harris's therapy sessions until the conclusion of this litigation. Rather, Defendants' counsel should maintain custody of the recordings for the pendency of this case and not permit his clients to access them or use them in any way without express permission of this Court.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Preliminary Injunction is GRANTED. The Temporary Restraining Order issued by this Court on September 16, 2025, is converted into a Preliminary Injunction.

IT IS FURTHER ORDERED that Defendants Darling and Kohlrautz are enjoined from disseminating recordings of Plaintiff Harris's therapy sessions to anyone.

IT IS FURTHER ORDRED that Defendants' attorney shall keep custody of the recordings of Harris's therapy sessions until the conclusion of the case. Defendants' counsel shall not copy,

- 2 -
Preliminary Injunction
Case No. A-25-927577-C

transfer, or share the recordings in any way without the express written consent of Plaintiff's counsel or this Court. Defendants shall not be permitted to access them without the express permission of this Court. At the conclusion of this case, absent subsequent order of this Court, Defendants' counsel shall destroy the recordings and provide a declaration to the Court confirming that he has done so.

IT IS FURTHER ORDERED that the $100 bond that Plaintiff Harris posted for the Temporary Restraining Order will remain posted for this Preliminary Injunction. The Court finds a $100 bond appropriate under the circumstances.

IT IS FURTHER ORDERED that this Preliminary Injunction will remain in full force and effect until further order from this Court extinguishing it.

~~DATED this _____ day of October 2025~~.

Dated this 30th day of October, 2025

_____

DISTRICT COURT JUDGE

**88A D88 0018 EE41
Crystal Eller
District Court Judge**

Submitted by:

/s/ Ronald D. Green
Marc J. Randazza, NV Bar No. 12265
Ronald D. Green, NV Bar No. 7360
RANDAZZA LEGAL GROUP, PLLC
8991 W. Flamingo Road, Ste. B
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

Attorneys for Plaintiff
Angela Harris

- 3 -
Preliminary Injunction
Case No. A-25-927577-C

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Angela Harris, Plaintiff(s) | CASE NO: A-25-927577-C |
| vs. | DEPT. NO.  Department 19 |
| Tracy Darling, Defendant(s) | |

## <u>AUTOMATED CERTIFICATE OF SERVICE</u>

Electronic service was attempted through the Eighth Judicial District Court's electronic filing system, but there were no registered users on the case. The filer has been notified to serve all parties by traditional means.

# **<u>Exhibit 5</u>**

Order

May 20, 2026

Electronically Filed
05/20/2026 1:00 PM

CLERK OF THE COURT

ORDR
**BECKSTROM & BECKSTROM, LLP**
James A. Beckstrom, Esq.
Nevada Bar No. 14032
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Telephone: (725)300-0599
jb@beckstromlaw.com
*Attorney for Defendants*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| ANGELA HARRIS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> TRACY DARLING, an individual; ALEXANDER KOHLRAUTZ, an individual; and DOES 1 through 10; ROE CORPORATIONS 11-20, <br><br> Defendants. | Case No.: A-25-927577-C <br> Dept. No.: 19 |

**JOINT ORDER: (1) GRANTING IN PART AND DENYING IN PART DEFENDANT ALEXANDER KOHLRAUTZ'S MOTION TO MODIFY AND/OR DISSOLVE PRELIMINARY INJUNCTION; AND (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER TO TAKE CUSTODY OF THERAPY RECORDINGS**

This matter, having come before the Honorable Judge Crystal Eller: (1) on April 1, 2026, in connection with Defendant Alexander Kohlrautz's Motion to Modify and/or Dissolve Preliminary Injunction; and (2) on May 6, 2026, in connection with Plaintiff's Motion for Appointment of Special Master to Take Custody of Therapy Recordings, with James A. Beckstrom, Esq., of the law firm of Beckstrom & Beckstrom, LLP, appearing for Defendants Tracy Darling and Alexander Kohlrautz (collectively "Defendants"); and Ronald D. Green, Esq., of the law firm of Randazza Legal Group, PLLC, appearing for Plaintiff Angela Harris.

The Court, having reviewed the Motions and all related briefing thereto, the papers and pleadings on file herein, and hearing oral argument, and good cause appearing, hereby finds and orders as follows:

Page 1 of 6

**Page 32**

**FINDINGS**

**Motion to Modify and/or Dissolve Preliminary Injunction**

1.      On September 9, 2025, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction.

2.      On September 16, 2025, the Court issued a Temporary Restraining Order.

3.      Defendants did not oppose the Motion for Preliminary Injunction.

4.      On October 15, 2025, the Court heard oral argument from Plaintiff's counsel on Plaintiff's Motion for Preliminary Injunction. Defendants' counsel did not attend oral argument.

5.      On October 30, 2025, the Court entered a Preliminary Injunction.

6.      The Preliminary Injunction, among other things, enjoined Defendants from disseminating recordings of conversations between Plaintiff and Defendant Darling, required Defendants' attorney to maintain exclusive custody of the recordings, prohibited Defendants from accessing the recordings without the express permission of the Court, and required Defendants' attorney to destroy the recordings at the conclusion of this case.

7.      On February 20, 2026, Defendant Kohlrautz filed a Motion to Modify and/or Dissolve the Preliminary Injunction.

8.      On February 23, 2026, the Court filed a Notice of Hearing which set the hearing date for this Motion on April 1, 2026.

9.      On March 6, 2026, Plaintiff filed her Opposition to the Motion.

10.      On March 23, 2026, Defendant Kohlrautz filed his Reply in Support of the Motion.

11.      The Court grants the Motion in part and denies the Motion in part.

12.      During the course of their acquaintance, Plaintiff and Defendant Tracy Darling engaged in phone conversations that were recorded by Defendant Darling.

13.      Defendants' counsel represented during the hearing on this Motion that an estimated 100 recordings exist, spanning several years.

14.      The nature of these recordings is disputed.

15.      Plaintiff characterizes the recordings as therapy sessions, while Defendants characterize them as astrology readings and personal conversations.

Page 2 of 6

16.     Because the Preliminary Injunction as originally entered restricted Defendants from accessing and reviewing the recordings, the Court finds that modification is warranted to ensure that Defendants may adequately prepare and present their defense in this action.

**Motion for Appointment of Special Master to Take Custody of Therapy Recordings**

1.     On April 16, 2026, Plaintiff filed her Motion for Appointment of Special Master to Take Custody of Therapy Recordings ("Motion").

2.     On April 16, 2026, Plaintiff filed her Notice of Entry of Order Shortening Time, setting the Hearing on April 27, 2026.

3.     On April 17, 2026, Plaintiff filed her Supplement to Motion for Appointment of Special Master to Take Custody of Therapy Recordings.

4.     On April 20, 2026, Defendants filed their Opposition to Plaintiff's Motion for Appointment of Special Master to Take Custody of Therapy Recordings.

5.     On April 21, 2026, the Court filed an Order Resetting the Hearing which rescheduled the hearing date for this Motion to May 6, 2026.

6.     On April 29, 2026, Plaintiff filed a Reply in support of the Motion.

7.     This Court entertained oral argument on May 6, 2026.

8.     The Court denies Plaintiff's Motion.

9.     Under NRCP 53(a)(2)(B), a Special Master may be appointed only to address pretrial matters that "cannot be effectively and timely addressed by an available judge."

10.     The Nevada Supreme Court has emphasized that referral to a Special Master "should be the exception and not the rule," and shall only be granted "upon a showing that some exceptional condition requires it." *Russell v. Thompson*, 96 Nev. 830, 832-33, 619 P.2d 537, 538-39 (1980).

11.     Referral to a special master is only warranted when it is necessary, not merely when it is desirable. *Venetian Casino Resort, LLC v. Eighth Judicial District Court*, 118 Nev. 124, 131, 41 P.3d 327, 332 (2002).

12.     The Court finds no immediate legal or factual basis for the appointment of a special master but does find that the recordings that Defendant Darling made of her sessions with Plaintiff

Page 3 of 6

Harris must be transferred from Defendant Darling and into the custody of Defendants' counsel for the reasons stated in the Preliminary Injunction issued by this Court on October 30, 2026.

13.     The Court does not find any willfulness, intentional delay, or intentional misconduct on Defendants' part that would warrant the appointment of a special master.

14.     Pursuant to the testimony of Frederick Haggerty, the expert hired by Plaintiff Harris, and over objection by Defendants' counsel, the Court finds that the Google Takeout can transfer the recordings away from Defendant Darling and to Defendants' counsel without loss or destruction of necessary evidence and is the procedure to be utilized to extract the recordings and remove them from Darling's control for the pendency of this litigation. The Court will consider Plaintiff's request that the Court order destruction of the recordings at the conclusion of this case.

15.     The Court further finds that the procedures and orders of this Court, inclusive of clarifications provided by this Court on May 6, 2026, regarding access to the recordings at issue are sufficient and do require a special master under NRCP 53.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant Alexander Kohlrautz's Motion to Modify and/or Dissolve Preliminary Injunction is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Special Master to Take Custody of Therapy Recordings is **DENIED.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the October 30, 2025, Preliminary Injunction shall remain in effect, except as expressly modified by this **Order**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Tracy Darling or an agent of Darling's counsel, shall transfer all recordings Defendant Darling made of her sessions with Plaintiff Harris to Defendants' counsel using Google Takeout.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that following the transfer of the recordings from Ms. Darling to her counsel, Defendant Darling, individually or with assistance of her legal counsel, shall ensure the recordings were transferred with all necessary metadata intact and, upon such confirmation, delete the recordings Defendant Darling made of Ms.

Page 4 of 6

Harris from Defendant Darling's account.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that once the transfer is completed, Defendants' counsel and his employees shall be the only persons with access to the recordings between Defendant Darling and Ms. Harris.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Darling and Kohlrautz shall be permitted to review the recordings with their attorney for the sole purpose of defending this action and not for any other purpose.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Kohlrautz and Darling are not permitted to maintain access to the recordings or maintain copies of the recordings in any format, including transcripts of the recordings.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants' attorney may share access to the recordings with third parties that Defendants' attorney deems necessary to allow Defendants to defend this case, including but not limited to retained experts, consultants, or other individuals necessary to the defense of this action, only if that third party (i) has first been provided with a copy of the Preliminary Injunction, this Order, and a protective order, which shall be stipulated to by the parties and approved by this Court, and (ii) has executed a written acknowledgment that he or she will abide by the protective order prior to being granted access to the recordings.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants Darling and Kohlrautz remain enjoined from disseminating any recordings between Plaintiff Harris and Defendant Darling to any person other than as expressly permitted by this Order or by subsequent order of this Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 5 of 6

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court will conduct a status check on July 8, 2026 at 10 a.m. PDT regarding Defendants' progress in transferring the recordings made by Defendant Darling of her sessions with Plaintiff Harris to Defendants' counsel.

**IT IS SO ORDERED.**

Dated this ____ day of May 2026.

**Dated this 20th day of May, 2026**

DISTRICT COURT JUDGE

**40C 080 6F33 EA43
Crystal Eller
District Court Judge**

Respectfully Submitted By:

**BECKSTROM & BECKSTROM, LLP**

By*:  /s/  James A. Beckstrom*
       James A. Beckstrom, Esq.
       Nevada Bar No. 14032
       400 So. 4th Street, Suite 650
       Las Vegas, NV 89101
       jb@beckstromlaw.com
       *Attorney for Defendants*

Approved as to Form and Content:

**RANDAZZA LEGAL GROUP, PLLC**

By*:  /s/ Ronald D. Green*
       Marc J. Randazza, Esq.
       Nevada Bar No. 12265
       Ronald D. Green, Esq.
       Nevada Bar No. 7360
       8991 W. Flamingo Road, Ste. B
       Las Vegas, NV 89147
       ecf@randazza.com
       *Attorneys for Plaintiff*

Page 6 of 6

| | |
|---|---|
| **From:** | Ron Green |
| **To:** | James Beckstrom |
| **Cc:** | Marc Randazza; Danielle Darkenwald; Kaylee Arcalas; Suzanne Boggs |
| **Subject:** | Re: Harris/Darling -- Order |
| **Date:** | Monday, May 18, 2026 3:14:10 PM |

This is fine. Go ahead and submit.

On May 18, 2026, at 3:02 PM, James Beckstrom <JB@beckstromlaw.com> wrote:

Please review. If you want us to submit, please confirm and my office will do so.

On the third-party, I revised to "counsel for defendant" – if a third-party is used it will be a litigation services company that my firm employs.

### James A. Beckstrom, Esq.

400 S. 4th Street, Suite 650
Las Vegas, NV 89101
O: 725.300.0599
D: 725.201.0166
M. 714.875.0351
F. 725.300.0261
jb@beckstromlaw.com
Admitted: NV & CA
<image001.jpg>

---

**From:** Ron Green <rdg@randazza.com>
**Sent:** Monday, May 18, 2026 1:53 PM
**To:** James Beckstrom <JB@beckstromlaw.com>
**Cc:** Marc Randazza <mjr@randazza.com>; Danielle Darkenwald <dbd@randazza.com>; Kaylee Arcalas <kma@randazza.com>
**Subject:** Re: Harris/Darling -- Order

The only change I made to what you sent me is regarding if a third party does the transfer for you guys. I did revise what I had before a little bit. Now, it reads "or a retained third party whose name and qualifications shall be disclosed to Plaintiff if retained." If you're going to have a third party do it, we want to know who it is.

You can cut the language about lack of diligence.

Please send a clean copy for my final review before submission to the judge.

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

Angela Harris, Plaintiff(s)

vs.

Tracy Darling, Defendant(s)

CASE NO: A-25-927577-C

DEPT. NO.  Department 19

## AUTOMATED CERTIFICATE OF SERVICE

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 5/20/2026

| Marc Randazza | ecf@randazza.com |
| James Beckstrom | jb@beckstromlaw.com |
| Suzanne Boggs | sb@beckstromlaw.com |