Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtors

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

In re:
Wayne Alan Darling and
Tracy Ellen O'Reilly Darling,

Debtors.

Case No. 26-42672-elm7

Chapter 7

## DEBTORS' LIMITED RESPONSE IN OPPOSITION TO CREDITOR ANGELA HARRIS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

TO THE HONORABLE EDWARD L. MORRIS, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Debtors Wayne Alan Darling and Tracy Ellen O'Reilly Darling ("Debtors") file this Limited Response in Opposition to Creditor Angela Harris' ("Harris") Motion for Relief from the Automatic Stay [Doc. 10], and respectfully show the Court as follows:

### I. PRELIMINARY STATEMENT

1. Debtors do not oppose the substantive non-dissemination protections established by the Preliminary Injunction entered in the Nevada state-court action, *Angela Harris v. Tracy Darling, et al.*, Case No. A-25-927577-C. Debtors have no desire or intention to disseminate, publish, copy, or misuse any recordings involving Harris.

2. Debtors likewise do not seek to collaterally attack the Nevada court's prepetition orders. Rather, Debtors oppose modification of the stay because the legitimate prospective purposes of those orders can be accomplished through an enforceable custodial and non-dissemination order entered by this Court, without reopening Nevada enforcement proceedings or creating the possibility of contempt sanctions or other enforcement remedies arising from conduct occurring during the bankruptcy case.

3.      The present dispute can and should be resolved within this bankruptcy case. Debtors request that the automatic stay remain in effect as to further proceedings in Nevada and that this Court enter its own protective and custodial order incorporating the substantive non-dissemination protections of the Nevada orders. Under that order, all recordings and associated metadata would be transferred to Debtors' bankruptcy counsel or another custodian designated by this Court; Debtor Tracy Darling would surrender personal access to and control over the recordings; and the recordings would remain preserved and available through counsel solely for legitimate litigation purposes.

4.      This arrangement gives Harris the complete practical protection she seeks without requiring either party to return to Nevada for additional enforcement proceedings. It also preserves evidence potentially relevant to the pending Nevada action and to any nondischargeability proceeding under 11 U.S.C. § 523, avoids unnecessary expense, and keeps supervision of conduct arising during the bankruptcy case before this Court.

## II. APPLICABLE STANDARD

5.      Section 362(d)(1) authorizes the Court, for cause, to terminate, annul, modify, or condition the automatic stay. Because "cause" is not defined, the inquiry is flexible and fact-specific. *In re Alexandra Trust*, 526 B.R. 668, 673 (Bankr. N.D. Tex. 2015). The movant must first make a prima facie showing of entitlement to relief; only then does the burden shift to the party opposing relief on issues other than equity in property. Id. at 673–74; 11 U.S.C. § 362(g).

6.      When relief is requested to permit proceedings in another forum, courts consider the relevant Sonnax factors, including the connection to the bankruptcy case, prejudice to other creditors, judicial economy, and the impact of the stay and balance of harms. *Alexandra Trust*, 526 B.R. at 682–84 (*citing In re Sonnax Indus., Inc.*, 907 F.2d 1280 (2d Cir. 1990)). Section 362(d)

does not require an all-or-nothing result: the Court may deny termination of the stay while conditioning its continuation on protective terms that fully address the movant's legitimate concerns.

### III. ARGUMENT AND AUTHORITY

#### A. The Bankruptcy Court Can Provide Complete Prospective Protection Without Returning the Parties to Nevada

7. Harris seeks prospective protection against further dissemination and a secure transfer of the recordings. Debtors agree that the bankruptcy filing should not permit Tracy Darling to publish, distribute, or otherwise misuse the recordings, and Debtors consent to entry of an enforceable order of this Court continuing those substantive protections.

8. Relief from stay is unnecessary because this Court can condition continuation of the stay on compliance with an independent federal protective order governing custody, access, preservation, and non-dissemination of the recordings. The proposed order would not modify or invalidate the Nevada orders. It would impose equivalent prospective protections during the bankruptcy case and make violations enforceable through this Court's contempt authority.

9. This Court has jurisdiction over administration of the automatic stay and over proceedings whose outcome could conceivably affect the Debtors' rights, liabilities, options, freedom of action, or the administration of the estate. *See* 28 U.S.C. §§ 1334 and 157; *Celotex Corp. v. Edwards*, 514 U.S. 300, 307–08 & n.5 (1995). The recordings may bear directly on potential claims against Darling and on any nondischargeability proceeding. Section 105(a), used in aid of the Court's authority under § 362 and not as an independent source of substantive jurisdiction, further permits entry of orders necessary or appropriate to carry out the provisions of the Bankruptcy Code.

**B.      Bankruptcy-Court Supervision Better Serves Judicial Economy and the Balance of Harms**

10.     Returning the parties to Nevada solely to enforce non-dissemination and custodial protections would create duplicative proceedings and additional expense without providing Harris any protection unavailable here. A straightforward order requiring transfer to counsel, eliminating Darling's personal access, preserving the files and metadata, and restricting litigation use can be supervised efficiently in this case.

11.     Harris's pleadings assert, among other claims, fraud in the inducement and intentional infliction of emotional distress. Depending on the allegations and proof ultimately presented, Harris may seek a determination of nondischargeability under 11 U.S.C. § 523(a)(2) or § 523(a)(6). The recordings may bear directly on the parties' communications, the context of the alleged conduct, intent, reliance, causation, and damages. This Court therefore has a direct institutional interest in ensuring that potentially material evidence is preserved and available through counsel.

12.     The Nevada modification order directs Darling or an agent of her counsel to transfer the recordings to Defendants' counsel using Google Takeout, confirm that the recordings and necessary metadata were successfully transferred, and thereafter delete the recordings from Darling's personal account so that counsel retains custody and Darling no longer maintains personal access or copies. Debtors do not seek to avoid those substantive custodial protections. Because Darling's Nevada counsel has indicated an intention to withdraw, however, custody by Debtors' bankruptcy counsel or another custodian designated by this Court provides a stable means of accomplishing the same objectives: removing the recordings from Darling's personal possession and control while preserving them, with their metadata, for legitimate litigation purposes. Notably, in entering the May 20 Order, the Nevada court expressly found no willfulness, intentional delay, or intentional misconduct by Defendants warranting appointment of a special master.

### C.   An Independent Bankruptcy-Court Order Respects the Nevada Orders and Avoids Collateral Review

13.   Debtors recognize that an injunction issued by a court with jurisdiction must be obeyed unless modified or reversed through orderly review. *See Celotex*, 514 U.S. at 313. Debtors therefore do not ask this Court to invalidate, reinterpret, or disregard the Nevada orders. Instead, Debtors ask this Court to deny leave for further Nevada enforcement proceedings and enter its own prospective order imposing substantially equivalent protections during the pendency of this bankruptcy case.

14.   This approach respects comity because the Nevada orders remain undisturbed, while also recognizing that this Court, not the Nevada court, should supervise compliance with conditions imposed as part of the continuation of the automatic stay. Harris would remain free to seek further stay relief upon a material violation or if broader Nevada proceedings later become necessary.

### IV. DEBTORS' PROPOSED BANKRUPTCY-COURT SUPERVISION ORDER

15.   Debtors request that the Court deny termination or modification of the stay for further Nevada proceedings and condition continuation of the stay on entry of an order containing the following protections:

a) <u>Custody and Transfer</u>. Within a reasonable period fixed by this Court, Tracy Darling shall transfer all recordings of sessions involving Harris, together with available associated metadata, to Norred Law, PLLC or another neutral custodian designated or approved by this Court.

b) <u>No Personal Access or Copies</u>. After confirming a complete transfer, Darling shall surrender credentials providing personal access to the files and shall not retain, create, or possess additional copies, except that counsel may maintain necessary working copies subject to this Court's order.

c) <u>Preservation</u>. The custodian shall preserve the recordings and metadata without material alteration until final resolution of the Nevada action, any related bankruptcy adversary proceeding, all appeals, and any other proceeding in which the recordings may be relevant.

d)  Strict Non-Dissemination. Neither Debtor shall publish, distribute, transmit, disclose, or provide the recordings to any person except through counsel as reasonably necessary for litigation and subject to any applicable protective order.

e)  Counsel-Controlled Litigation Access. The recordings may be reviewed or used only by counsel, retained experts, the courts, and other persons authorized by written agreement or court order, and only as reasonably necessary in the Nevada action or a related bankruptcy proceeding.

f)  Bankruptcy-Court Enforcement. This Court shall retain jurisdiction to interpret, supervise, and enforce its protective and custodial order, including through appropriate contempt remedies. The automatic stay shall remain in effect as to further enforcement proceedings in Nevada unless and until this Court orders otherwise.

g)  Disposition. No recording shall be destroyed except by written agreement of the parties or further order of this Court entered after all proceedings in which the recordings may be relevant have been finally resolved.

## V. PRAYER FOR RELIEF

WHEREFORE, Debtors respectfully request that the Court DENY Creditor Angela Harris' Motion for Relief from the Automatic Stay; ENTER an independent protective and custodial order under 11 U.S.C. §§ 362(d) and 105(a) imposing the safeguards stated above; CONDITION continuation of the automatic stay on Debtors' compliance with that order; RETAIN jurisdiction to supervise and enforce the order; preserve the stay as to further proceedings in the Nevada action absent further order of this Court, including any request for monetary sanctions, adjudication of damages, collection activity, or prosecution of the underlying state-law claims; and grant Debtors such other and further relief to which they may be justly entitled.

DATED: July 27, 2026.                Respectfully submitted,

Norred Law, PLLC
By: /s/ Clayton L. Everett
Clayton L. Everett
Texas State Bar No. 24065212
clayton@norredlaw.com
515 E. Border Street
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Debtors

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2026, a true and correct copy of the foregoing document was served electronically via the Court's CM/ECF system on all parties registered to receive electronic notices in this case, including counsel for Movant Angela Harris (Marc J. Randazza, ecf@randazza.com).

/s/ Clayton L. Everett
Clayton L. Everett