Clayton L. Everett, Texas State Bar No. 24065212
NORRED LAW, PLLC | 515 E. Border Street | Arlington, Texas 76010
Phone: (817) 704-3984 | clayton@norredlaw.com
Attorney for the Debtors

United States Bankruptcy Court
Northern District of Texas
Fort Worth Division

| | |
|---|---|
| In re:<br>Wayne Alan Darling and<br>Tracy Ellen O'Reilly Darling,<br><br>Debtors. | Case No. 26-42672-elm7<br><br>Chapter 7 |

### DECLARATION OF TRACY ELLEN O'REILLY DARLING IN SUPPORT OF DEBTORS' LIMITED RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

I, Tracy Ellen O'Reilly Darling, declare as follows:

1. I am one of the Debtors in the above-captioned bankruptcy case. I have personal knowledge of the matters stated in this Declaration and, if called as a witness, could competently testify to them.

2. I am a defendant in the Nevada action styled Angela Harris v. Tracy Darling, et al., Case No. A-25-927577-C, pending in the Eighth Judicial District Court for Clark County, Nevada.

3. I understand that the Nevada court entered orders restricting dissemination of the recordings that I made of sessions between Angela Harris and me and requiring those recordings to be transferred from my personal control into the custody of counsel. I refer to those recordings in this Declaration as the "Subject Recordings."

4. I do not intend to publish, disseminate, transmit, disclose, or otherwise provide the Subject Recordings to third parties except through counsel, as authorized by court order, or as otherwise required by law.

---
Declaration in Response to Motion for Relief - Page 1

5.      I am willing to transfer all Subject Recordings within my possession, custody, or control, together with their available associated metadata, to Christopher J. Weber, Norred Law, PLLC, or another custodian designated by this Court.

6.      After the designated custodian confirms that the Subject Recordings and their available associated metadata have been successfully transferred and preserved, I am willing to delete the Subject Recordings from accounts, devices, or other locations under my personal control and to refrain from retaining or creating additional personal copies or transcripts of them.

7.      The Subject Recordings are maintained in or associated with a Google Voice account that also contains communications and recordings involving persons who are not parties to the Nevada action. I do not understand the Nevada orders to require surrender of the entire Google Voice account or disclosure of credentials providing access to unrelated client or third-party information. I am nevertheless willing to cooperate with counsel and any Court-approved custodian in identifying, exporting, preserving, and deleting the Subject Recordings without disclosing or disturbing unrelated communications or information.

8.      After transfer, I am willing to review or use the Subject Recordings only through counsel and only as reasonably necessary concerning claims, defenses, counterclaims, or other matters properly asserted in the Nevada action, any related bankruptcy proceeding, or another proceeding in which their use is authorized by an order of a court of competent jurisdiction.

9.      I want the Subject Recordings and their associated metadata preserved because they may constitute evidence relevant to the claims and defenses asserted in the Nevada action, any related bankruptcy proceeding, or another proceeding concerning those claims or defenses.

10.     I consent to entry of an order by this Court:

--------------------------------------------------------------------------------
Declaration in Response to Motion for Relief - Page 2

a. prohibiting me from disseminating the Subject Recordings;

b. requiring the Subject Recordings and their available associated metadata to be transferred to counsel or another Court-approved custodian;

c. requiring deletion of the Subject Recordings from accounts, devices, and other locations under my personal control after the designated custodian confirms successful transfer and preservation;

d. prohibiting me from retaining or creating independent personal copies of the Subject Recordings;

e. restricting my subsequent access to and use of the Subject Recordings to access through counsel for authorized litigation purposes; and

f. providing for enforcement of those restrictions by this Court.

11.    I am not seeking through this bankruptcy case to obtain permission to disseminate the Subject Recordings or to retain unrestricted personal possession or control over them.

12.    I am willing to cooperate promptly and in good faith with counsel and any custodian designated by this Court to complete the transfer, confirmation, preservation, and deletion process described above.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed this ___28th___ day of ___July___, 2026.

*Tracy O'Reilly Darling*

Tracy Ellen O'Reilly Darling

---

Declaration in Response to Motion for Relief - Page 3